FILED
04 MAR 29 PM 1:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 29 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CAROL ANN CRAIG, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | CV-02-BE-2487-S |
| | ] | |
| BIRMINGHAM AREA PRIVATE INDUSTRY COUNCIL, INC., et. al., | ] ] ] | |
| | ] | |
| Defendants. | | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Currently pending before the court are motions for summary judgment filed by defendants Fortis Benefits Insurance Company ("Fortis") and defendant Tim Lewis ("Lewis"), chairman of the Jefferson County Workforce Investment Board ("Investment Board") (docs. #14 & #17). These motions seek the dismissal of a lawsuit filed against them by plaintiff Carol Ann Craig ("Craig") as the beneficiary of a term life insurance policy issued to her deceased husband, Robert Craig. At the time of his death, Mr. Craig was Executive Director of the Birmingham Area Private Industry Council, Inc. ("Private Industry Council") and a participant in an employee group life insurance plan funded by his employer and serviced by Fortis.[1]

---

[1] In 1994, the Birmingham Area Private Industry Council ("Private Industry Council") began providing term life insurance benefits to its employees pursuant to a contract for term life insurance benefits provided by Fortis Benefits Insurance Company ("Fortis"). *See* Aff. of Denise Fussel, ¶ 2.

1

At issue in this case is a Private Industry Council personnel guideline which provides that "[t]erm life insurance will be provided to each employee equal to two (2) times the annual salary. Adjustments to the amount of insurance will be made during the first month of the calendar year following most recent salary increase."[2] At the time of his death, Robert Craig's annual salary was $66,322. In the months following her husband's death, Craig learned that the group life insurance coverage procured by the Private Industry Council from Fortis only provided for a maximum death benefit of $50,000 for plan participants.[3] Consequently, pursuant to the terms of its policy with the Private Industry Council, Fortis only issued Craig a lump sum death benefit of $50,000.[4] The plaintiff argues that, pursuant to the above-referenced personnel provision, she is entitled to additional death benefits in the amount of $82,644.[5]

Craig initially filed suit in the Circuit Court of Jefferson County, Alabama against Private Industry Council, Tim Lewis, Fortis, and the Investment Board alleging that the defendants negligently, wantonly, and fraudulently failed to procure sufficient insurance benefits to pay the death benefit promised to plan participants in the personnel guidelines. On October 10, 2002, Fortis removed the case to this court[6] alleging that Craig's state law

---

[2] *See* defendant Tim Lewis' brief, ¶ 4. *See Also*, plaintiff's Br., *Ex.* 1

[3] *See* Aff. of Denise Fussel, ¶ 4.

[4] *Id.*

[5] *See Compl.* ¶ 1. This amount represents twice Robert Craig's annual salary minus the $50,000 death benefit paid by Fortis.

[6] The removal petition was joined in and consented to by the other defendants. *See* docs. #2 & #3.

claims were completely preempted by the Employee Retirement Income Security Act of 1974, ("ERISA") as amended, 29 U.S.C. § 1132(a)(1)(B).

In their motions for summary judgment, Fortis and Lewis essentially argue that they are not proper defendants in a claim to recover benefits under 29 U.S.C. § 1132(a)(1)(B) because they are not plan administrators, plan fiduciaries, and do not have the requisite discretionary authority to control the administration of the group term life insurance benefits at issue in this case.

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases when no genuine issues of material fact are presented and when the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The parties' disagreement on each and every fact is not significant; the law requires only that "there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). *See also Celotex v. Catrett,* 477 U.S. 317, 327 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 251-52. Mere speculation is insufficient to create an issue of fact and to defeat a properly-supported motion for summary judgment. *See Ramsey v. Leath*, 706 F.2d 1166, 1169-70 (11th Cir. 1983).

The court has carefully reviewed the motions, the briefs filed in support of and in opposition to the motions, and the supporting and opposing evidentiary materials, and concludes that the motions for summary judgment filed by defendants Fortis Benefits Insurance Company and Tim Lewis are due to be GRANTED. However, this case will

proceed to trial against defendants Birmingham Area Private Industry Council and the Jefferson County Workforce Investment Board.[7]

## II. Proper Parties in a Claim to Recover Benefits under 29 U.S.C. § 1132(a)(1)(B)[8]

ERISA provides participants and beneficiaries with standing to bring civil actions for the recovery of benefits "due . . . under the terms of [the] plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan ..." 29 U.S.C. § 1132(a)(1)(B). Generally four distinct parties are proper defendants in a complaint for benefits under 29 U.S.C. § 1132(a)(1)(B): the benefit plan itself, the plan administrator, plan fiduciary, and any entity who controls the administration of the plan.[9] *See e.g., Rosen v. TRW*, 979 F.2d 191, 192-194 (11th Cir. 1992) (explaining that liability in a suit for payment of benefits "can be established by proof that the person is a plan administrator and thus responsible for decisions regarding benefits" or by an employer who takes as active part in the administration of the plan."); *see also, Sahlie v. Nolen*, 984 F. Supp. 1389, 1394 (M.D. Ala. 1997) (relying on persuasive authority from other jurisdictions to conclude that in a § 1132(a)(1)(B) claim for recovery of benefits, only the plan itself and the administrators and trustees of the plan in their fiduciary capacities are subject to liability); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (holding that "the proper

---

[7]Neither of these defendants filed a motion for summary judgment.

[8]Based on the through presentation of the largely undisputed facts contained in the parties' briefs, the court does not include a separate recitation of the facts in this Memorandum Opinion.

[9]ERISA defines the term "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16).

party defendant in an action for ERISA benefits is the party that controls the administration of the plan.")

As noted in an earlier, Mr. Craig's entitlement to group life insurance benefits is ostensibly governed by the personnel policies contained in the document entitled "Birmingham Area Private Industry Council, Inc. Employment and Personnel Policies."[10] That document clearly entitles employees to life insurance benefits in the amount of twice their annual salary, but does not designate a plan administrator or identify an individual who controls the administration of the plan. ERISA defines the term "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16). In a case like this one without an explicit designation of a plan administrator, 29 U.S.C. § 1002(16)(A)(ii) provides that the plan administrator is the plan sponsor. Under 29 U.S.C. § 1002(16)(B), the employer who establishes the employee benefit plan is deemed the plan sponsor.

In their motions for summary judgment, Fortis and Lewis impliedly argue that they are entitled to summary judgment because they are improper defendants in this action. Fortis contends that, regardless of the provision in the Private Industry Council's personnel policy providing for a death benefit in the amount of twice the participant's annual salary, the actual benefit amount contracted to be provided to Mr. Craig by his employer only provided a maximum death benefit of $50,000. Consequently, Fortis argues that it was only obligated to pay the life insurance proceeds that it was contracted to provide and that it fully discharged

---

[10]*See* Pl's brief, *Ex.* A.

its duty to the plaintiff when it paid her $50,000.

Given the largely undisputed facts, the court concludes that Fortis is not a proper defendant in this case. Nothing in the record indicates that Fortis exercised any discretion, responsibility, or control to make decisions regarding the funding of the group term life insurance plan or to determine the amount of death benefits received by eligible plan participants. Instead, the record merely indicates that Fortis serviced the group term life insurance plan pursuant to the group insurance application submitted to Fortis by Mr. Craig's employer in February 1994.[11] Pursuant to that application, the Private Industry Council requested group term life insurance coverage in the amount of "1 times annual salary to maximum of $50,000."[12] *Cf., Garren*, 114 F.3d at 187 (holding that insurance company who serviced employer provided medical benefits and denied son's medical claims was not a proper defendant in an action for ERISA benefits in the absence of evidence that the insurer "exercise[ed] any discretion, responsibility or control over the administration of the Plan.").

The plaintiff acknowledges the above-referenced evidentiary deficiency, indicating that "Fortis appears to have issued only $50,000 [in term life insurance coverage] so the error [in the insufficient funds with which to cover the death benefit promised to the plaintiff's husband] may not lie with that Defendant."[13] In objecting to a motion for summary judgment, the plaintiff, not the court, has the burden of producing evidence that creates a

---

[11]*See* Aff. of Denise Fussel *Ex*. A.

[12]*Id.*

[13]Pl's Br., p. 3.

6

genuine issue of material fact. *See Ramsey*, 706 F.2d at 1169-70 (noting that mere speculation is insufficient to create an issue of fact and defeat a properly-supported motion for summary judgment). Because the plaintiff has not adduced any evidence with which to create a genuine issue of material fact about Fortis' ability to exercise any control or discretionary authority in the administration or funding of the group term life insurance benefits provided by her husband's employer, Fortis' motion for summary judgment is due to be granted.

The court also concludes that plaintiff has not presented sufficient evidence to create a factual issue about whether Lewis had the requisite authority to make decisions regarding the funding of the group term life insurance plan or to determine the amount of death benefits received by eligible participants. Lewis argues that, as chairman of the Private Industry Council, he "took no part in overseeing the providing of employee benefits or approving those benefits for the [Private Industry Council]."[14] Ironically, Lewis contends that, as Executive Director, Robert Craig, the plaintiff's deceased husband, was responsible for securing proper and adequate insurance coverage for the group term life insurance benefits at issue in this case.

Plaintiff disagrees with Lewis' characterization of the scope of his authority and argues that Lewis' May 24, 2002 letter to the Office of Community Development is an acknowledgment that the plaintiff is owed the additional death benefits claimed in this

---

[14] Pl's Br., *Ex.* 3.

7

lawsuit.[15] According to Craig, Lewis' "acknowledgment of the debt in May 2002 must defeat the Motion for Summary Judgment." In his May 24, 2002 letter, Lewis wrote Bob Lunsford ("Lunsford"), the director of the Jefferson County Office of Community Development, expressing his sympathy for the plaintiff and requesting that Craig receive the death benefit provided in the Private Industry Council's personnel policy.[16] Although Lewis' letter is certainly probative evidence in support of plaintiff's claim that she is owed $82,644 in additional death benefits, it does not establish that Lewis, in his capacity as chairman of the Jefferson County Workforce Investment Board, was a plan administrator, plan fiduciary, or otherwise exercised sufficient control over the administration of the plan to subject him to liability in a cause of action for the recovery of benefits under 29 U.S.C. § 1132(a)(1)(B).

Ironically, Lewis' letter and a subsequent letter written on July 8, 2002 to Lunsford by Alabama Department of Economic and Community Affairs Director Anne Payne militates against a conclusion that Lewis had any discretionary authority over the administration of the Plan at issue in this case.[17] Specifically, Payne advised Lunsford that "[a]s much as we would have liked to have determined that this payment would be an allowable expenditure of program funds, there appear to be no options, which would allow the use of Federal Workforce Investment Act funds."

Lewis' sympathy for Craig's predicament and attempts to petition others with the

---

[15]*Id.*

[16]*Id.*

[17]*See* Pl's Br., *Ex.* 5.

8

apparent authority to authorize payment of additional benefits does not subject him to ERISA liability under 29 U.S.C. § 1132(a)(1)(B). Without any evidence that Lewis exercised control or discretionary authority in the administration or funding of the group term life insurance benefits at issue in this case, the court concludes that Lews' motion for summary judgment is due to be granted.

### III. CONCLUSION

Based on the foregoing analysis, the court concludes that the motions for summary judgment filed by defendants Fortis Benefits and Tim Lewis are due to be GRANTED and that they are due to be dismissed as party defendants in this case.

A separate order will be entered.

DONE and ORDERED this 29th day of March, 2004.

KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE

9